REQUESTED BY: Dear Senator:
You have asked whether LB 407, as amended, would extend the homestead exemption to mobile homes. We conclude that it would. Section 1 of LB 407 would amend section77-202.12, R.R.S. 1943, to read in part as follows:
 "As used in sections 77-202.12 to 77-202.22, unless the context otherwise requires:
 "(1) Homestead shall mean either (a) a residence or mobile homes and the land surrounding it, not exceeding one acre, in this state actually occupied as such by a natural person who is the owner of record thereof as of January 1 in each year, or (b) a residence or mobile homes permanently affixed to land leased by the owner of the residence which lease extends for at least the entire year for which the exemption is claimed, which is located within this state and is actually occupied by the person who is the owner of record as of January 1 in each year, or is so occupied by the surviving spouse and minor children, if any, of such owner of record, or so much thereof as shall be so occupied: . . ."
The language of the act clearly extends the homestead exemption to mobile homes. (We note, incidentally, that in the above quoted section of LB 407, the term `mobile homes' should be put in the singular, to conform to the rest of the sentence.) The question arises as to whether Article VIII, Section 2, of the Nebraska Constitution authorizes the homestead exemption to mobile homes. This section provides in part:
 ". . . The Legislature may by general law provide that a portion of the value of any residence actually occupied as a homestead by any classification of owners as determined by the Legislature shall be exempt from taxation."
A discussion of the type of property to which a homestead may attach is found in 40 Am.Jur.2d 135, Homestead, 30, where we find:
 "The question whether the homestead right may be asserted with respect to a building, independent of the land upon which it is erected, has produced conflicting decisions. Some authorities hold that the claim of homestead is not sustainable in such circumstances; others have adopted the view that if the head of a family owns a house and occupies it with his family, although he owns no interest or estate in the land on which it stands, it is the home of the family, and is embraced in the spirit and purpose of the homestead law. It has been held, though not without exception, that in view of the policy of the homestead laws to secure to the householder a home, a homestead may be claimed in a dwelling house owned by the claimant and located on property leased by him.
 "A house trailer is a sufficient type of property to support a homestead where it is affixed to the ground but not where it rests on land but it is not attached thereto."
It may be argued that the voters, in approving the constitutional provision quoted above, had in mind the ordinary meaning of `homestead,' and intended it to apply only to real estate, or, at least, intended the limitations discussed in American Jurisprudence to apply. However, we need not decide that question, because another provision of Article VIII, Section 2, of the Constitution would clearly cover mobile homes, even if they do not strictly come within the ordinary meaning of `homesteads.' This provision is:
 ". . . The Legislature may classify personal property in such manner as it sees fit, and may exempt any of such classes, or may exempt all personal property from taxation. . . ."
It certainly would be reasonable classification to provide the same exemption to mobile homes occupied as residences as is given to ordinary residences, and the exemption can be sustained under the last-quoted constitutional provision, even if there is some doubt as to the applicability of the first.
The same considerations apply to your question concerning dwellings occupied on leased land, but we wish to point out one area which might cause some difficulties, with respect to both mobile homes and other residences located on leased grounds. The amendatory language of LB 407 requires both the residences and the mobile homes to be `permanently' affixed to the land (even though the lease may be for only a year). The general law is that anything permanently affixed to land becomes a part of the land, and becomes the property of the owner of the land. The theory by which the owner of a mobile home or other residence can retain an ownership interest in the mobile home or residence is that they arenot permanently affixed to the land, but can be removed at the expiration of the lease.
Therefore, if the bill is passed with the word `permanently' in the language we have quoted, it may be successfully argued that the mobile home or residence does not qualify, because it is not permanently affixed to the land, and that if it is permanently affixed to the land, the lessee who affixed it is no longer the owner, and that it now belongs to the lessor, and, again, does not qualify for the exemption.